■ LAZARUS I. LEVINE et al., Appellants, v. HELEN SCHNEIDER et al., Respondents.— Appeal from an order of a Special Term, Supreme Court, Albany County. The action is to enjoin the use by defendants of a right of way to which plaintiffs claim record title; and for damages arising from such use. Plaintiffs moved at Special Term: (a) for an order striking out as sham the answer which, beside denials, alleged as an affirmative defense an interest in the right of way acquired by adverse usage; and (b) for an order for judgment on the pleadings. On procedural grounds we think the court at Special Term was right in denying the motion in both respects. A motion to strike out an entire pleading as sham must demonstrate conclusively that not any part of the answer could possibly be good or present a triable issue and that it is so patently false in fact that the court would not permit a trial. Denials in an answer, as well as affirmative allegations, may be treated as sham; and, of

course, affidavits are available on such a motion. (Rules Civ. Prac., rule 104.) But here plaintiffs allege they have been damaged to the extent of $5,000 by defendants' interference with the right of way; and that defendants have blocked the right of way and interfered with its use by plaintiffs and prevented " access over " the right of way by plaintiffs. Both these claims are denied in the answer. In seeking an injunction the extent of interference by a defendant with a right claimed by a plaintiff may be an important element in deciding whether an injunction will be granted or denied; if the interference is nominal or slight, the court in equity may decline to enjoin and leave the plaintiff to his damage. Plaintiffs on the motion to strike out the answer as sham offered to withdraw the claim for damage "if the defendants' answer is stricken"; but this begs the question on such a motion. An answer is not sham because the party attacking it offers to withdraw an issue which he had tendered and which is properly controverted by the answer, merely because on the motion he offers to withdraw the issue if he wins the motion. Both because of the denial of damage and the denial of the pleaded facts of interference and with use of the disputed right of way, we think the answer as a whole cannot be treated as sham; and for somewhat similar reasons the plaintiffs would not be entitled to have the answer stricken out to grant judgment on the pleadings. Probably on the merits plaintiffs are right in arguing that defendants can have neither a record title to the disputed land, nor an interest by adverse user because the common predecessor in title to both parties had already parted with title to the strip in dispute to plaintiff's predecessor before defendant's predecessor received title to the adjoining land in connection with the use of which the right is claimed by defendants; and because the period of possible adverse user thereafter is less than 15 years. We are not able to reach these questions on the form of motion now before us. Order affirmed, with $10 costs. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.